AO 245B (Rev. 02/16)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Middle District of Alabama

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>LEVI LARRY MADDOX | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  3:15cr400-01-JDW<br>USM Number:  11807-002<br><br>Russell T. Duraski<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)  1 and 4 of the Indictment on February 2, 2016

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2113(a) and (d) and 2 | Bank Robbery and Aiding and Abetting | 4/13/2015 | 1 |
| 18 USC 922(g)(1) and 2 | Felon in Possession of a Firearm and Aiding and Abetting | 4/13/2015 | 4 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  2 of the Indictment      ☑ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/17/2016
Date of Imposition of Judgment

Signature of Judge

JAMES D. WHITTEMORE, U.S. DISTRICT JUDGE
Name and Title of Judge

May 31, 2016
Date

AO 245B (Rev. 02/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: LEVI LARRY MADDOX
CASE NUMBER: 3:15cr400-01-JDW

Judgment — Page __2__ of __7__

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

144 Months. This term consists of 144 months on count 1 and 120 months on count 4, all such terms to run concurrently, also to run concurrently with the sentence imposed in 2:15cr233-JDW. *****While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job, or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant be designated to a facility close as possible to the Middle District of Alabama. The court recommends that the defendant be designated to a facility offering the Residential Drug Abuse Program (RDAP). The court recommends that the defendant be designated to a facility where vocational training is available.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 7 |
|---|---|---|---|---|

DEFENDANT:   LEVI LARRY MADDOX
CASE NUMBER:  3:15cr400-01-JDW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 Years. This term consists of 3 years on counts 1 and 4, to run concurrently, also to run concurrently with the term imposed
in 2:15cr233-JDW.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the
custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled
substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests
thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*)
     as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides,
     works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the
Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions
on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other
     acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any
     controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a
     felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any
     contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the
     permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal
     record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the
     defendant's compliance with such notification requirement.

AO 245B   (Rev. 02/16) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page     4     of     7

DEFENDANT:  LEVI LARRY MADDOX
CASE NUMBER: 3:15cr400-01-JDW

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program approved by the United States Probation Office for substance abuse as directed, which may include testing to determine whether he has reverted to the use of drugs. The defendant shall contribute to the cost of any treatment based on his ability to pay and the availability of third-party payments.

2. The defendant shall provide the probation officer any requested financial information.

3. The defendant shall not obtain new credit without approval of the probation officer unless in compliance with the payment schedule.

AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page <u>5</u> of <u>7</u>

DEFENDANT:  LEVI LARRY MADDOX
CASE NUMBER:  3:15cr400-01-JDW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ 100,636.36 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Auburn Bank | | $75,000.00 | |
| 100 N. Gay Street | | | |
| Auburn, Alabama 36830 | | | |
| | | | |
| Federal Insurance Company | | $25,636.36 | |
| Attn: Beverly White (Claim #083015000271) | | | |
| 15 Mountain View Road | | | |
| Warren, New Jersey 07059 | | | |

| TOTALS | $ 0.00 | $ 100,636.36 |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑  the interest requirement is waived for the    ☐ fine   ☑ restitution.

☐  the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments

Judgment — Page   6   of   7  

DEFENDANT:  LEVI LARRY MADDOX
CASE NUMBER:  3:15cr400-01-JDW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☑   Lump sum payment of $   100,836.36   due immediately, balance due

         ☐   not later than                    , or
         ☑   in accordance      ☐ C,    ☐ D,    ☐ E, or    ☑ F below; or

**B**   ☐   Payment to begin immediately (may be combined with    ☐ C,     ☐ D, or    ☐ F below); or

**C**   ☐   Payment in equal             *(e.g., weekly, monthly, quarterly)* installments of $             over a period of
                      *(e.g., months or years)*, to commence          *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal             *(e.g., weekly, monthly, quarterly)* installments of $             over a period of
                      *(e.g., months or years)*, to commence          *(e.g., 30 or 60 days)* after release from imprisonment to a
         term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within          *(e.g., 30 or 60 days)* after release from
         imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☑   Special instructions regarding the payment of criminal monetary penalties:

         All criminal monetary payments are to be made to the Clerk, United States District Court, Middle District of
         Alabama, Post Office Box 711, Montgomery, Alabama 36101, for distribution to the victims. Any balance of
         restitution remaining at the start of supervision shall be paid at the rate of not less than $100 per month. Pursuant
         to 18 USC 3664(j)(1), restitution shall be paid in full to Auburn Bank before any restitution is paid to Federal
         Insurance Company.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
     and corresponding payee, if appropriate.

       Levi Larry Maddox, 3:15cr400-01-JDW, $100,636.36 - total amount, $100,636.36 - joint and several amount, Payees -
       Auburn Bank - $75,000 and Federal Insurance Company - $25,636.36

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:

       $122,246.48 Forfeiture Money Judgment

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B   (Rev. 02/16) Judgment in a Criminal Case
Sheet 6A — Schedule of Payments

| | |
|---|---|
| DEFENDANT:   LEVI LARRY MADDOX | Judgment—Page __7__ of __7__ |
| CASE NUMBER:   3:15cr400-01-JDW | |

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Rasheen Jahmal Smith, 3:15cr400-02-JDW | $100,636.36 | $100,636.36 | Auburn Bank - $75,000 Federal Insurance Company - $25,636.36 |
| Pamela Carlton, 3:15cr400-03-JDW | $100,636.36 | $100,636.36 | Auburn Bank - $75,000 Federal Insurance Company - $25,636.36 |