IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:15-cr-00400-RAH |
| | ) | |
| LEVI LARRY MADDOX (1) | ) | |

## ORDER

Pending before the Court is Defendant Levy Larry Maddox's motion titled *Reduction in Sentence* (doc. 144) and *Motion for Recommendation for Residential Reentry Center Designation* (doc. 147). First, Maddox requests compassionate release because of family circumstances—specifically that his mother needs him because she is disabled and coming of age and his child's mother needs him because she "just barely beat COVID-19." (Doc. 144 at 4.) Next, he requests a sentence reduction because he has matured since being incarcerated and wants "to pay off [his] restitution[] and be a productive [citizen]." (*Id.* at 5.) He also argues that he is entitled to a reduction in sentence "[b]ecause of this deadly virus," which results in "a far more [extreme] prison sentence to [his] health." (*Id.* at 6.) Lastly, Maddox requests that he be allowed "[a] full twelve-month period recommendation at a Residential Reentry Center." (Doc. 147 at 1–2.) The Government contends that a reduction in sentence is unwarranted because Maddox failed to exhaust his administrative remedies and even if he had done so, Maddox fails to establish an

extraordinary and compelling reason warranting compassionate release. In addition, the Government argues that relocation to a Residential Reentry Center is inappropriate because "[a] district court has no authority to order the Bureau of Prisons to place an inmate in a particular facility." (Doc. 149 at 3) (citation omitted).

## I. Discussion

### A. The Standard

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may modify a criminal sentence when a defendant shows that he has exhausted his available administrative remedies and "extraordinary and compelling reasons" warrant a sentence reduction. A reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Under § 1B1.13, a district court may reduce a sentence if, "after considering the factors found at 18 U.S.C. § 3553(a), to the extent they are applicable," the court determines: (1) there is an extraordinary and compelling reason for release; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy

statement. U.S.S.G. § 1B1.13; *see also United States v. Handlon*, 97 F.4th 829, 831–82 (11th Cir. 2024) (per curiam). Section 1B1.13, as amended, defines "extraordinary and compelling reasons" to include: (1) the defendant's medical circumstances; (2) the defendant's age; (3) family circumstances of the defendant, including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent"; (4) the defendant was a victim of abuse while in custody; (5) "other circumstances . . . when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; and (6) if the defendant received an unusually long sentence and other conditions are satisfied.

Thus, in applying § 1B1.13, the Court "considers a defendant's specific circumstances, decides if he is dangerous, and determines if his circumstances meet any of the . . . reasons that could make him eligible for a reduction." *Bryant*, 996 F.3d at 1254. If the defendant is dangerous or his "circumstances do not match any of the [§ 1B1.13] categories, then he is ineligible for a reduction." *Id*. "[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id*. at 1262.

### B.    Maddox's Failure to Exhaust His Administrative Remedies

The Government argues that Maddox's request for a sentence reduction be denied because he failed to exhaust his administrative remedies. (Doc. 149 at 2.)

3

The Court agrees. Under 18 U.S.C. § 3582(c)(1)(A), a defendant may only move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [('BOP')] to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Here, there is no indication Maddox made a request of BOP or of the warden, including no mention of an appeal in his motion or supporting documents. As a result, Maddox's motion is denied for failure to exhaust his administrative remedies.

### C. Maddox's Failure to Establish an Extraordinary and Compelling Reason Warranting a Sentence Reduction

Even if the Court were to assume Maddox exhausted his administrative remedies, he is not entitled to the requested relief. Maddox fails to set forth extraordinary and compelling reasons warranting a sentence reduction. Maddox argues that he is entitled to a sentence reduction because of family circumstances related to his mother and child's mother. (Doc. 144 at 4.) He also asserts that he is entitled to his requested relief because he has matured, wants to become a productive citizen, and because of "this deadly virus." (*Id.* at 5–6.) However, no stated reason is sufficient as an extraordinary and compelling reason that warrants compassionate release. As for Maddox's family circumstances, they "warrant a sentence reduction . . . only if either the caregiver of the prisoner's minor child dies or is incapacitated, or the prisoner's spouse is incapacitated when he would be the only caregiver for

4

that spouse." *United States v. Salcedo*, 859 F. App'x 551, 553 (11th Cir. 2021) (per curiam) (citing U.S.S.G. § 1B1.13 cmt. n.1(C)).

Here, there is no indication in Maddox's motion that his child's caregiver died or is otherwise incapacitated or that his child's mother is his spouse or is incapacitated. Further, Maddox's desire to become a more productive citizen and a general reference to a "deadly virus" fail to constitute extraordinary and compelling reasons. Accordingly, Maddox's request is also denied for failure to establish an extraordinary and compelling reason warranting a sentence reduction.

### D. Maddox's Request to Be Placed at a Residential Reentry Center

Lastly, Maddox requests "[a] full twelve-month period recommendation at a Residential Reentry Center located in the Middle District of Alabama." (Doc. 147 at 1–2.) Maddox's request is denied because "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the BOP . . . to determine or change the place of imprisonment of that person." *United States v. Martin*, 877 F.3d 1035, 1036 (11th Cir. 2017) (alteration adopted) (quoting 18 U.S.C. § 3621 (b)(5)). The Court declines to make a non-binding recommendation. Accordingly, Maddox's request is denied.

## II. Conclusion

Accordingly, it is **ORDERED** as follows:

5

1. Maddox's Motion titled *Reduction in Sentence* (doc. 144) is **DENIED**.

2. Maddox's *Motion for Recommendation for Residential Reentry Center Designation* (doc. 147) is **DENIED**.

DONE, on this the 5th day of June 2025.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE